IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

DUANE HARDY,                          :
                                      :      C.A. No: N14C-08-174 RBY
            Plaintiff,                :      In and for New Castle County
                                      :
    v.                                :
                                      :
JACOBS & CRUMPLAR, P.A., ROBERT       :
JACOBS, THOMAS CRUMPLAR,              :
RAEANN WARNER, EDWARD M.              :
LURIA, STEPHEN NEUBERGER,             :
THOMAS NEUBERGER, AND THE             :
NEUBERGER FIRM, P.A.,                 :
                                      :
            Defendants.               :

*Submitted: May 1, 2016*
*Decided: June 2, 2016*

**Upon Consideration of Defendants'**
**Motions for Summary Judgment**
**GRANTED**

**OPINION**

Duane Hardy, *Pro se.*

Jeffrey M. Weiner, Esquire, Law Offices of Jeffrey M. Weiner, P.A., for Defendants Jacobs & Crumplar, P.A., Robert Jacobs, Thomas Crumplar, Raeann Warner, Stephen Neuberger, Thomas Neuberger, and The Neuberger Firm, P.A.

John A. Elzufon, Esquire, and Loren R. Barron, Esquire, Elzufon Austin Tarlov & Mondell, P.A., Wilmington, Delaware for Defendant Edward M. Luria.

Young, J.

## SUMMARY

Duane Hardy ("Plaintiff") filed an action against Defendants including attorneys from law firms Jacobs & Crumplar, P.A. and the Neuberger Firm (collectively, "Firm Defendants") and Edward Luria ("Defendant Luria"), for allegedly negligent drafting of a trust agreement, selection of trustees, and execution of trust agreement. Firm Defendants and Defendant Luria each filed a motion for summary judgment. Because Plaintiff has failed to prosecute this action which has been pending for almost two years, Defendants' motions for summary judgment are **GRANTED** with prejudice.

## FACTS AND PROCEDURE

This case arose following a complex civil tort litigation involving the Catholic Diocese of Wilmington ("DOW") and 150 sexual abuse survivors. The Plaintiff here eventually received a $578,000 settlement from the DOW. In August 2014, Plaintiff sued a number of Defendants including his former attorneys, Firm Defendants and Defendant Luria, for legal malpractice in advising, drafting, and executing a trust to manage the settlement moneys.

In October 2014, Defendant Luria moved to dismiss the claim for failure to allege breach of the professional standard of care. In response, Plaintiff sought to present expert testimony of the standard of care for attorneys representing similar clients in similar cases. The Court denied Defendant Luria's motion to dismiss pending expert disclosure.

In October 2015, Firm Defendants moved to bar the expert testimony of

Plaintiff's proposed expert, an attorney named Benson. Benson had represented another sexual abuse survivor who received a settlement following the same DOW class action as Plaintiff. Plaintiff claimed that Benson could give expert testimony regarding the legal malpractice issue in this case. The Court denied Defendant's motion to bar Benson's expert testimony, but preserved the right to refile after Plaintiff provided the expert report.

In January 2016, Plaintiff's attorney moved to withdraw as counsel and extend the expert disclosure deadline. This Court granted both requests over Defendants' objections, setting an expert disclosure deadline of March 25, 2016. Plaintiff has failed to provide expert disclosure to date.

Firm Defendants moved for summary judgment on March 29, 2016. Defendant Luria moved for summary judgment on April 12, 2016. Both Defendants asserted Plaintiff's failure to prosecute as a basis for the motions.

## STANDARD OF REVIEW

Summary judgment is appropriate where the record exhibits no genuine issue of material fact so that the movant is entitled to judgment as a matter of law.[1] "Summary judgment may not be granted if the record indicates that a material fact is in dispute, or if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of the law to the circumstances."[2] The court should consider

---

[1] *Tedesco v. Harris*, 2006 WL 1817086 (Del. Super. June 15, 2006).

[2] *Id*.

the record in the light most favorable to the non-moving party.[3]  The movant bears the initial burden of establishing no genuine issue of material fact exists.[4]  Once such a showing has been made, the burden shifts to the non-moving party to show evidence to the contrary.[5]

## DISCUSSION

The Court extended the deadline for Plaintiff's expert disclosure, which has now passed without response from Plaintiff. To date, Plaintiff has not provided record evidence of the alleged breach of duty. Thus, while the material fact of an alleged breach of the standard of care was in dispute throughout this litigation, the Court already has made all possible accommodations to permit further inquiry into that fact. Defendants previously objected to the deadline extension, and now raise the resulting prejudice from delay as a basis for the motions for summary judgment.  Plaintiff has failed to prosecute his case diligently, which has prejudiced Defendants.

## CONCLUSION

For the foregoing reasons, the Defendants' Motions for Summary Judgment in favor of all Defendants are **GRANTED** with prejudice.

**IT IS SO ORDERED**.

> _/s/ Robert B. Young_
> J.

---

[3] *Id.*

[4] *Ebersole v. Lowengrub*, 54 Del. (4 Storey) 463 (Del. 1962).

[5] *Id.*

*Hardy v. Jacobs & Crumplar, P.A., et. al.*
N14C-08-174 RBY
June 2, 2016

RBY/dsc
*Via File & ServeXpress & U. S. Mail*
oc:    Prothonotary
cc:    Duane Hardy, *Pro se*
       All Counsel of Record
       Opinion Distribution